UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFTON LAMONT CLAY** | **CIVIL ACTION** |
| **VERSUS** | **NO.  10-1590** |
| **NELSON COLEMAN CORRECTIONAL CENTER MEDICAL STAFF AND CORRECTIONAL OFFICERS** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Factual Background

The plaintiff, Clifton Lamont Clay ("Clay"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Medical Staff and Correctional Officers at the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana.  He is currently incarcerated in the St. John Parish Jail in LaPlace, Louisiana.[1]

---

[1]Rec. Doc. No. 5.

Clay alleges that, on November 17, 2009, he was assaulted by unidentified St. Charles Parish inmates.  In spite of injuries to his left eye, left shoulder, and left leg, he was not asked if he was alright or given medical attention by prison personnel.  He also complains that no one was held accountable for the incident even though the guards were supposed to be watching the inmates.  He claims that he reported the assault and was taken to another cell block.  He further alleges that the unidentified classification officer was rude and made snide remarks.

Clay also claims that "they" looked over his administrative grievance and refused to accept it.  He claims that he believed his injuries would heal, but his shoulder did not and he did not regain full vision in his left eye.  He indicates that he asked for blood tests to be done to determine if he had internal injuries, but the prison doctor gave him Mylanta for his stomach instead.

When he complained about his shoulder, he was taken for x-rays, but did not get a follow-up response from the medical unit.  When he reported the pain, the doctor asked if he wanted a muscle rub.

He further stated that, when he told the nurse about his eye, she asked if he wore glasses and then asked what he wanted her to do for him.  He claimed that he tried to show Nurse Bridgett Obre where he was hurting on the day of the shoulder x-ray.  She instead corrected him about the location of his sternum, which he found insulting.  Clay claims that he believes he needs procedures done on his left eye and shoulder to repair his vision and his range of motion.

As relief, Clay seeks punitive and compensatory damages.  He also requests that he be taken for immediate medical attention outside of the jail, and that payment be made for the treatment.  He further requests that an order be issued to have him left alone by the staff at NCCC and to have him transferred to another facility for medical attention.

## II.   **Standards of a Frivolousness Review**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   **Analysis**

### A.   **Failure to Protect**

Under a broad reading, Clay indicates that he was attacked by other inmates while the guards were supposed to be monitoring the inmates at all times.  As an initial matter, § 1983 provides a

federal cause of action against any <u>person</u>, who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. § 1983.  A plaintiff must identify the constitutional violation and the person and establish the action was taken under color of state law.  *See Flagg Bros.*, *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Country v. Dodson,* 454 U.S. 312 (1981).  Clay has not identified any particular person to be held accountable in this instance.

Furthermore, even if he were to identify a guard or other person, he still has not stated a claim for failure to protect.  Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm inflicted by other inmates.  Thus, prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a <u>known</u> substantial risk of serious harm.  *Farmer*, 511 U.S. at 834; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

In this instance, Clay does not allege that he knew he was at risk of attack or that he notified the prison officials of any danger prior to the attack by other inmates.  Clay has not, and apparently cannot, name a defendant potentially culpable for a failure to protect him from a known danger. Without an identifiable person responsible for an alleged violation, a § 1983 action does not stand. His claim for failure to protect should be dismissed with prejudice as frivolous or for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

B.     **Inadequate Medical Care**

Clay also alleges that the medical staff at NCCC did not provide him with adequate medical care for the alleged injuries he received in the assault by other inmates.  Clay again fails to point to any particular person who could be held accountable for this failure.  Without a state actor to consider, Clay again fails to state a claim for which relief can be granted.

In addition, while he mentions the name of Nurse Obre in his complaint, he has not named her as a defendant.  Even if he had, his only claim against her is that she insulted his intelligence by correcting his anatomical reference to the sternum versus the torso.  Verbal abuse and insults are not enough to raise constitutional concerns under § 1983.  *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983).

Furthermore, the Court recognizes that the standard of conduct for providing medical care to inmates under the Eighth Amendment was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976).  In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment.  *Id.* at 104.  This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs.  It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  *Id.*  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Id.*

In this case, Clay has not done this.  Although he initially alleges that no one treated him, his complaint clearly reflects that he was examined by the nurse and the doctor, apparently on more

than one occasion, and he was taken for x-rays of his shoulder.  He apparently did receive treatment and care and simply does not consider it to have been enough.  However, mere disagreement with medical treatment provided does not state a claim for Eighth Amendment indifference to medical needs.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). While inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, malpractice and negligent care do not reach that level. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983.") (emphasis added); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

Clay has not presented any allegations sufficient to state a claim for denial of adequate medical care even if he were to name a proper defendant.  His claims should be dismissed with prejudice as frivolous or for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## IV.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Clay's § 1983 complaint be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 27th day of October, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.