UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFTON LAMONT CLAY | CIVIL ACTION |
| VERSUS | NO: 10-1590 |
| NELSON COLEMAN CORRECTIONAL CENTER MEDICAL STAFF AND CORRECTIONAL OFFICERS | SECTION: R |

## ORDER

Plaintiff Clifton Lamont Clay filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections thereto, the Court approves the Report and adopts it as its opinion.

Plaintiff's objections do not raise any basis to reverse the Magistrate Judge. Indeed, the allegations therein confirm that plaintiff has been examined by a doctor on several occasions, and has since been transferred to a new detention facility. Plaintiff also asserts for the first time that "the officers named were directly involved in plotting the attack [against him] after the petitioner had an exchange of words with the officers."[1] This

---

[1] R. Doc. 7 at 2.

allegation is wholly absent from his petition, and "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). *See also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate."); *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Indeed, the very language of the governing statute confirms the propriety of dismissing new arguments raised as objections. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination *of those portions of the report or specified proposed findings or recommendations* to which objection is made.") (emphasis added).

Accordingly,

IT IS ORDERED that plaintiff's suit is DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim on which relief may be granted.

New Orleans, Louisiana, this 9th day of April, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE